IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-646-KS

ANTHONY D. MCNEILL, )
)
      Plaintiff, )
)
v. )
) **ORDER**
NANCY A. BERRYHILL,[1] )
Acting Commissioner of Social )
Security, )
)
      Defendant. )

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 14 & 18], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Anthony D. McNeill filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On November 10, 2016, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the

---

[1] Plaintiff's complaint names Carolyn W. Colvin in her official capacity as Acting Commissioner of Social Security as the defendant to this action. Nancy A. Berryhill is now the Acting Commissioner of Social Security and therefore is substituted as a defendant to this action. *See* Fed. R. Civ. P. 25(d).

arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings, and remands the matter to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and disability insurance benefits on June 16, 2013, and for supplemental security income on June 14, 2013, alleging disability beginning September 6, 1999. (R. 22, 285-93.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 15, 148-51, 184, 188.) Administrative Law Judge Mark C. Ziercher ("ALJ") held an initial hearing on August 1, 2014, and a supplemental hearing on March 11, 2015; the ALJ denied benefits in a ruling issued August 3, 2015. (R. 22, 38.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (R. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere

2

scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks and citation omitted) (alteration in original) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (internal quotation marks omitted) (first and second alterations in original) (quoting *Craig*, 76 F.3d at 589). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination

In making a disability determination, the Commissioner uses a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national

economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found that Plaintiff met the insured status requirements through December 31, 2011. (R. 24.) The ALJ noted that Plaintiff had engaged in substantial gainful employment since the alleged onset date, but that he was "hold[ing] his ruling on this issue in abeyance" because he was deciding Plaintiff's claim at a different step of the evaluation process. (*Id.*) Next, the ALJ determined Plaintiff had the following severe impairments: "left foot joint pain, flat footed (pes planus); obesity; a major depressive disorder; an anxiety disorder; and a personality disorder." (R. 25.) The ALJ did not identify any non-severe impairments. (R. 25-38.) At step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 25.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had

4

Case 5:15-cv-00646-KS   Document 27   Filed 03/20/17   Page 4 of 11

the residual functional capacity to perform work at the sedentary exertional level. He can occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl. He can perform work that does not require exposure to moving mechanical parts and high, exposed places. He can perform work that does not require the operation of a motor vehicle. He can perform work that is consistent with the use of a cane to stand and walk[.] He can understand, remember, and perform work tasks at GED Reasoning Level 03. He can perform goal-oriented rather than production-oriented work (e.g., the performance of work tasks in allotted time is more important tha[n] the pace at which the work tasks are performed). He can perform work that involves routine tasks (i.e., no more than frequent changes in core work duties). He can perform work in which independent goal setting or planning occurs no more than frequently. He can have occasional contact with coworkers that is inconsequential or superficial (i.e., no sustained conversations, e.g., mail clerk). He can have occasional contact with the general public that is inconsequential or superficial (i.e., no sustained conversations, e.g., ticket taker).

(R. 27.) In making this assessment, the ALJ found Plaintiff's statements about the severity of his symptoms "partially credible" and listed several reasons for discounting Plaintiff's credibility. (R. 32-33.) At step four, the ALJ concluded Plaintiff could not perform any past relevant work. (R. 35.) At step five, the ALJ determined jobs exist in significant numbers in the national economy that Plaintiff could perform and listed document preparer, envelope addresser, lens inserter of nonprescription eyewear, and lamp shade assembler as potential occupations. (R. 36-37.)

## IV. Plaintiff's Contentions

### A. VA Disability Determination

Plaintiff first argues that the ALJ erred in assessing a disability determination made by the Department of Veterans Affairs. Although not binding on the Commissioner, disability decisions by other governmental agencies "cannot be

5

ignored and must be considered" by the Commissioner in making a disability determination. SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). In *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit noted that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Bird*, 699 F.3d at 343. "Thus, . . . in making a disability determination, the SSA must give substantial weight to a VA disability rating" unless the record clearly demonstrates that a lesser weight is appropriate. *Id.* In certain cases, deviation may be appropriate due to the different standards employed by the agencies in evaluating a claimant's disability. *Bird*, 699 F.3d at 343 ("[B]ecause the SSA employs its own standards for evaluating a claimant's alleged disability . . . an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.").

General differences between VA disability ratings and Social Security disability determinations are not, however, a sufficient basis for discrediting VA disability ratings. Such differences exist in all cases; and allowing an ALJ to discount a VA disability rating for this reason would, therefore, eviscerate the presumptive standard established in *Bird*. *See Nguyen v. Colvin*, No. 5:14-CV-227-D, 2015 WL 5062241, at *6-7 (E.D.N.C. Aug. 10, 2015) (analyzing the Commissioner's weighing of an Office of Personnel Management ("OPM") disability rating and noting that "the reasons cited by the Commissioner—different rules and different standards—would apply to every case and thus cannot be relied upon to avoid scrutiny of the OPM's

decision under *Bird*'s new presumptive standard"), *memorandum and recommendation adopted by* 2015 WL 5089060 (E.D.N.C. Aug. 27, 2015).

At issue here is a nine-page decision issued by the VA on September 19, 2013, in which Plaintiff's disability rating was increased to 100%. (R. 387-95.) The VA found Plaintiff to be permanently and "totally disabled effective April 16, 2013" (R. 396) based upon the following disabilities: major depressive disorder (70% disability); lumbosacral strain with degenerative joint disease and intervertebral disc syndrome (20% disability); radiculopathy in lower extremities secondary to lumbosacral strain with degenerative joint disease and intervertebral disc syndrome (10% disability for left lower extremity and 10% disability for right lower extremity); pes planus and plantar fasciitis (50% disability); hallux valgus in left foot with degenerative joint disease in left great toe (10% disability); and residual scar in left great toe (10% disability) (R. 387-88). In its disability decision, the VA listed the evidence it considered, including VA medical and treatment records and private provider records. (R. 388-89.) These disabilities, and the evidence considered by the VA, overlap significantly with Plaintiff's Social Security claim.

However, the ALJ did not give substantial weight to the VA decision, and the only discussion of Plaintiff's VA disability rating is as follows:

> The claimant has a disability rating from the Department of Veterans Affairs (VA). The undersigned is neither bound nor controlled by that agency's decision, which is based on its regulations (20 CFR 404.1504 and 416.904). The VA rating is based solely on service-connected impairments, assigning a numerical rating to each discreet [sic] impairment as a percentage of diminished earning capacity. This differs significantly from the undersigned's obligation to consider all

7

> impairments, regardless of origin, and to address with functional specificity how the claimant's physical and/or mental capacities are collectively affected. The VA's conclusion that the claimant is 100% disabled is the addition of the individual impairment ratings and is not interpreted as meaning that the claimant can absolutely do no work. Further, while the VA's assessment is not a medical opinion, the undersigned is required to consider the medical evidence the VA used in making its assessment. In the end, the undersigned gives the VA rating some credibility as a general indicator of the severity of any particular impairment.

(R. 34.) The ALJ correctly notes that there exist differences between VA disability ratings and Social Security disability determinations and that the Commissioner is not bound by the VA's disability rating. But the ALJ fails to acknowledge the similarities between the VA disability rating and a Social Security disability determination—similarities explicitly pointed out by the Fourth Circuit in *Bird*. Other circuit courts of appeals have discussed the similarities as well. *See, e.g., Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015); *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

Moreover, the ALJ's statement that the VA rating is "the addition of the individual impairment ratings and is not interpreted as meaning that the claimant can absolutely do no work" is incorrect.[2] As explained in the VA's rating decision letter, the VA "do[es] not add the individual percentages of each condition to

---

[2] The court further notes that the Social Security Act does not require a claimant to show he "can absolutely do no work." Rather, "disability" is defined by the Act as the "inability to engage in any *substantial gainful activity* by reason of any medically determinable physical or mental impairment" for a period of at least twelve months. 42 U.S.C. § 423(d)(1)(A) (emphasis added).

8

determine [the] combined rating. [It] use[s] a combined rating table that considers the effect from the most serious to the least serious conditions." (R. 400.) Furthermore, Plaintiff was found to be permanently and totally disabled. Under VA regulations, this means that Plaintiff was found to have "an[] impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. § 3.340; *see also* 38 C.F.R. § 4.15 ("[P]ermanent total disability shall be taken to exist when the impairment is reasonably certain to continue throughout the life of the disabled person.").

In *Hall*, the Seventh Circuit found wanting reasoning similar to that given by the ALJ here:

> [A]lthough the VA rated [claimant] "only" 70 percent disabled, it pronounced him totally unemployable by reason of his disability, which equates to a finding of total disability under the regulations of the Social Security Administration. For if your medical condition precludes substantial gainful employment, you're totally disabled—that's the Social Security Administration's definition of disabled.

*Hall*, 778 F.3d at 691 (internal citation omitted). The court agrees with the Seventh Circuit's analysis.

Moreover, the ALJ's statement that he awarded the VA rating "some credibility as a general indicator of the severity of any particular impairment" lacks sufficient specificity to demonstrate that the ALJ complied with *Bird*. As another judge within this district has noted, "It is not readily apparent what this statement actually means, and the ALJ fails to make clear what portions he found credible or not credible and why, frustrating meaningful review." *Pridgen v. Colvin*, No. 4:15-

9

CV-95-F, 2016 WL 4047058, at *4 (E.D.N.C. June 30, 2016), *memorandum and report adopted by* 2016 WL 4046763 (E.D.N.C. Jul. 27, 2016).

The ALJ was aware of *Bird* as evidenced by the following footnote in his opinion:

> The undersigned is mindful of the United States Court of Appeals for the Fourth Circuit's holding that a VA disability determination must be accorded 'substantial weight' in Social Security disability proceedings. However, the Court also held that 'an Administrative Law Judge may give less weight to a VA disability rating when the record before the Administrative Law Judge clearly demonstrates that such a deviation is appropriate.' *The undersigned notes that this case has not been adopted by the Social Security Administration in a[n] acquiescence ruling.*

((R. 34 n.4) (internal citation omitted) (emphasis added).) Despite this awareness, the ALJ did not discuss his reasons for deviating from the requirement that he afford the VA rating substantial weight. *Cf. Johnson v. Colvin*, No. 5:13-CV-509-FL, 2014 WL 4636991, at *8-10 (E.D.N.C. Sept. 16, 2014) (approving ALJ's explanation as to why he was not affording a VA disability rating substantial weight). Furthermore, the ALJ's comment about the lack of an acquiescence ruling adopting *Bird* adds nothing to his analysis and only intimates that the ALJ refused to apply *Bird* because he disagreed with it.

In sum, the ALJ committed legal error by failing to apply *Bird* in determining the appropriate weight to be afforded the VA's disability decision. Therefore, remand is required.

10

Case 5:15-cv-00646-KS   Document 27   Filed 03/20/17   Page 10 of 11

B.   Other Contentions

The court expresses no opinion concerning Plaintiff's remaining assignments of error as these assignments concern matters that are not likely to recur on remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #14] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #18] is DENIED, and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 20th day of March 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge